NO. 12-09-00148-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JASON
JEROD WOODS,                                   §               APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         
§                JUDICIAL DISTRICT COURT OF

 

THE STATE
OF TEXAS,

APPELLEE                                                       
§                 SMITH COUNTY, TEXAS







MEMORANDUM
OPINION

PER
CURIAM

Jason Jerod Woods appeals his conviction
for aggravated assault.  Appellant’s counsel has filed a brief asserting
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  Thereafter, Appellant filed a pro se brief.  We
dismiss the appeal. 

 

Background

A Smith County grand jury charged
Appellant with two counts of aggravated assault as first degree felonies.  See
Tex. Penal Code Ann. § 22.02(a)(2),
(b)(2)(C) (Vernon Supp. 2009).[1]
 The grand
jury also alleged that he used or exhibited a deadly weapon in the course of
committing the offense.  Appellant waived trial by jury and pleaded not
guilty.  The trial court conducted a trial and found Appellant guilty of
aggravated assault as a second degree felony, a lesser included offense.[2]  The trial court assessed
punishment at imprisonment for seventeen years and a fine of $2,000.  This
appeal followed. 

 

Analysis Pursuant to Anders v. California

Appellant=s counsel has filed a brief
in compliance with Anders and Gainous.  Counsel
states that he has diligently reviewed the appellate record and that he is well
acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s
brief presents a thorough chronological summary of the procedural history of
the case and further states that counsel is unable to present any arguable
issues for appeal.  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

Appellant
argues in his pro se brief that his conviction violates his constitutional
protection against double jeopardy, that he received ineffective assistance of
counsel, and that a witness committed perjury.  We have found no reversible
error.  See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005).

 

Conclusion

As
required, Appellant=s
counsel has moved for leave to withdraw.  See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement
with Appellant’s counsel that the appeal is wholly frivolous.  Accordingly, his
motion for leave to withdraw is hereby granted, and we dismiss
this appeal.  See In re Schulman, 252 S.W.3d at 408B09 (“After the completion
of these four steps, the court of appeals will either agree that the appeal is
wholly frivolous, grant the attorney=s
motion to withdraw, and dismiss the appeal, or it will determine that there may
be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered May 5, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
The indictment alleged that Appellant assaulted the victim because she had
reported the occurrence of a crime or because she was a witness or potential
witness.  See Tex. Penal Code Ann.
§ 22.02(b)(2)(C). 

 





[2]
The trial court found all of the elements of aggravated assault as a second
degree felony but did not find that Appellant assaulted the victim because she
reported a crime or was a witness or potential witness.